IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

UNITED STATES DEPARTMENT
OF EDUCATION,

    Appellant,

v.                                                                           No. 04-2983 B

LULA B. HARRIS,

    Appellee.

_____

ORDER REVERSING DECISION OF THE BANKRUPTCY COURT
_____

On March 4, 2002, Lula B. Harris filed for Chapter 13 Bankruptcy in the United States Bankruptcy Court for the Western District of Tennessee. The United States Department of Education ("DOE") filed a proof of claim for $17, 132.60 to which Harris subsequently filed an objection asserting that the student loans covered by the proof of claim were discharged in a prior Chapter 13 bankruptcy proceeding. Before the Court is DOE's appeal from the bankruptcy court's September 21, 2004 order sustaining in part and overruling in part Harris' objection. The issues before the Court have been briefed by the Appellant and are now ready for disposition.[1]

STANDARD OF REVIEW

On appeal, the district court reviews questions of law raised in a bankruptcy proceeding de novo. In re Carled, Inc., 91 F.3d 811, 813 (6th Cir. 1996). Conversely, questions of fact are considered under the more deferential clearly erroneous standard. In re Perlin, 30 F.3d 39, 40 (6th

---

[1] Pursuant to the scheduling order entered by this Court on January 4, 2005, the Appellee was required to serve and file a response brief within fifteen (15) days of the service of the Appellant's brief. On March 7, 2006, this Court entered a show cause order directing Harris to file the referenced response within eleven (11) days of the entry thereof. To date, the Appellee has filed to respond to the Appellant's request for relief.

Cir. 1994). DOE has presented only one issue for the Court's review, namely whether the bankruptcy court erred in requiring it to apply trustee payments in the Debtor's previous bankruptcy case to the principal and prepetition interest of a loan in its accounting, thereby leaving only post petition interest due and owing in the current bankruptcy.

## BACKGROUND

Harris, the Debtor in this action, has received four separate student loans either directly with or guaranteed by DOE. (Transcript of Bankruptcy Court Hearing (hereinafter "Tr.") Ex. 11 at ¶ 1.) In 1978, she received an NDSL Perkins Direct student loan ("1978 loan") in the amount of $1,900.00 related to her attendance at LeMoyne Owen College. (Appellant's Post-Trial Brief ("PT Brief")at 1.) On October 27, 1983, Harris received a student loan ("1983 loan") from Citibank for $5,000.00 for attendance at Memphis State University. (PT Brief at 1.) Citibank later assigned the loan to the Higher Education Assistance Foundation ("HEAF"), who subsequently assigned it to DOE. (PT Brief at 1.) In 1985, Harris incurred an additional loan ("1985 loan") with Citibank for $5,000.00 for attendance at Memphis State University. (PT Brief at 1.) The loan was initially assigned by Citibank to the Tennessee Student Assistance Corporation ("TSAC"), but in 1992, was transferred to DOE. (Tr. at 11.) Finally, in 1986, Harris received a loan ("1986 loan") from Commerce Union Bank in the amount of $2,500.00 to attend Trevecca Nazarine College. (PT Brief at 1.) The loan was assigned to TSAC, who later assigned the loan to DOE in April 2003. (PT Brief at 2.)

On August 14, 1991 Harris filed a Chapter 13 bankruptcy petition, case number 91-28891, which was discharged on January 9, 1997. (Tr. at 5-6.) The bankruptcy plan provided for payment of 100% of unsecured claims after secured and priority claims were paid. (Tr. at 46; Ex. 7.) Harris'

1978 loan was included in this proceeding. (Tr. Ex. 7.) DOE filed a proof of claim for $2,557.09 and the plan included payment of 100% of the claim without post-petition interest. (Tr. Ex. 6, 10; Tr. at 36-37.) HEAF also filed a proof of claim in the action in the amount of $6,738.38 for Harris' 1983 loan from Citibank. (Tr. Ex. 5.) The claim was also paid in full without inclusion of post-petition interest. (Tr. at 36-37; Tr. Ex. 10.) TSAC, the then holder of Harris' 1985 and 1986 loans, was not given notice of the bankruptcy proceeding and neither loan was included in the bankruptcy. (Tr. at 42; Ex. 10.)

On March 4, 2002, Harris filed the current bankruptcy case, number 02-23827, in the United States Bankruptcy Court for the Western District of Tennessee. DOE submitted a proof of claim in the amount of $17,132.60. (PT Brief at 2.) The amount claimed reflects, according to DOE, the outstanding balances owed on the 1983 and 1985 loans.[2] The proof of claim does not include a claim for the 1978 loan on which there is no outstanding balance. (Order at 2-3.) Further, no claim is made for the 1986 loan which was assigned to DOE after the current bankruptcy was initiated. (Order at 3.) Harris filed an objection to the proof of claim on August 20, 2002. (PT Brief at 2.) Following a failed attempt at voluntary resolution of the matter, she renewed her objection on November 12, 2003. (Order at 2.) In her objection, the Debtor maintained that the claim is "inequitable, contrary to the applicable provisions of the Bankruptcy Code, and inconsistent with the intent of the Bankruptcy Code to provide debtors with a fresh financial start." (Order at 2 (citing

---

[2] The proof of claim and objection thereto on which this appeal is based were not included in the record supplied to this Court. Accordingly, all facts regarding the amounts claimed by DOE are taken from the bankruptcy court's order and the parties post-trial briefs. The bankruptcy court's order notes that the proof of claim shows an outstanding principal balance of $5,277.21 and accrued interest balance of $2,780.63 on Harris' 1983 loan and a principal balance of $5,000.00 and accrued interest balance of $4,074.76 on her 1985 loan. (Order at 3.)

Doc. No. 18.).)

On September 21, 2004, U.S. Bankruptcy Judge Jennie D. Latta, issued a Memorandum and Order sustaining in part and overruling in part the Debtor's objection. The court overruled Harris' objection on several grounds. First, the court determined that Harris' student loans were not dischargeable in her prior Chapter 13 bankruptcy proceeding or in the current case absent a showing of undue hardship, which had not been established in either case. (Order at 8.) Further, the court held that post-petition interest on Harris' 1983 and 1985 loans was not discharged by virtue of the confirmation of her prior Chapter 13 plan. (Order at 12.) Finally, the court ruled that laches was not a defense to the collection of student loan debt, accordingly, Harris was liable for repayment. (Order at 15.)

However, the court sustained Harris' objection in regard to DOE's application of the payment by the trustee in her prior Chapter 13 action to the outstanding amount due on the 1983 loan. (Order at 4.) In particular, the court stated that

> [i]t is clear that no credit has been given for the payments made in the prior chapter 13 case on the [1983] loan. If $6, 783.38[4] is applied to the balance shown in the proof of claim of $8,057.84[5], a small balance of $1,274.46 in interest remained to be paid when the present case was filed. This amount is excessive, however, because the calculation of interest has been based on outstanding principal of $5,277.21.[6] No principal has been owed on this loan since January 1, 1997.[7] The only amount that should be outstanding under any circumstance is the post-petition interest that accrued on the steadily reduced principal amount during the administration of the

---

[4] The amount paid to HEAF, the then-holder of the 1983 loan by the trustee in Harris' prior Chapter 13 proceeding.

[5] The amount of principal and interest claimed by DOE in regard to the 1983 loan in the instant case.

[6] The principal balance on the 1983 loan at the time of filing Harris's prior Chapter 13 case.

[7] The date of discharge of Harris' prior Chapter 13 case.

4

prior chapter 13 case.

(Order at 4.) (explanatory footnotes added) Accordingly, the court directed DOE to "provide an accounting of the remaining balance owed on the [1983] loan when proper credit is given for payments made." (Order at 4.) The court did not cite any law in support of its directive. It is this latter ruling on the application of the trustee payments from the Debtor's previous bankruptcy case on which DOE bases it's current appeal.

## ANALYSIS

DOE first takes issue with the bankruptcy court's finding that no credit was given by DOE for the payments made in the prior Chapter 13 proceeding. DOE contends that there is no evidence in the record that it did not properly credit the trustee payments to the Debtor's loan. (AB at 11-12.) Contrary to the bankruptcy court's statement, DOE maintains that it properly credited Harris for the payment by applying the amount first to collection costs, then to interest, including post-petition interest, and then to principal. DOE contends that the application method utilized is required by 34 C.F.R. § 682.404(f), which provides that

> [a] payment made to a guaranty agency by a borrower on a defaulted loan must be applied first to the collection of costs incurred to collect that amount and then to other incidental charges, such as late charges, and then to accrued interest and then to principal.

34 C.F.R. § 682.404(f).

Student loan obligations are generally nondischargeable in bankruptcy pursuant to 11 U.S.C. § 523(a)(8).[8] Kaufman v. Case Western Reserve University, No. 3:02-0650, 2002 WL 31972171,

---

[8] 11 U.S.C. § 523(a)(8) provides that

(a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt . . . (8) unless excepting such debt from discharge under this paragraph would impose an undue hardship on the debtor and the

5

\*1 (M.D. Tenn. November 14, 2002). However, the statute permits an exception upon the showing by the debtor that repayment of the loan would impose an undue hardship. 11 U.S.C. § 523(a)(8). Because Harris did not prove that repayment of her loans would pose an undue hardship in either her 1991 Chapter 13 case or the instant matter, the loans are nondischargeable pursuant to 11 U.S.C. § 523(a)(8). Dolph v. Pennsylvania Higher Educ. Assistance Agency (In re Dolph), 215 B.R. 832, 836 (6th Cir. BAP 1998) (noting that the debtor bears the burden of demonstrating undue hardship). As noted by the bankruptcy court, and not challenged in the instant appeal, the law is well-settled that a student loan creditor is entitled to accrue post-petition interest on nondischargeable obligations. See Leeper v. Pennsylvania Higher Educ. Asst. Agency, 49 F.3d 98, 102-103 (3rd Cir. 1995); In re Wagner, 200 B.R. 160, 164 (Bank.N.D.Ohio 1996); Branch v. Unipac/Nebhelp ( In re Branch), 175 B.R. 732, 734 (Bankr.D.Neb.1994); Jordan v. Colorado Student Loan Program (In re Jordan), 146 B.R. 31, 32 (D.Colo.1992). Because "interest on nondischargeable debts is nondischargeable," Harris is liable for payment of the post-petition interest on her loans. In re Williams, 253 B.R. 220, 227 (Bankr.W.D.Tenn.2000).

The instant appeal does not challenge the bankruptcy court's conclusion, consistent with the above, regarding Harris' liability for post-petition interest. Rather, DOE contests the court's directive that it recalculate the amount owed by applying the prior payment to principal before costs and interest. (AB at 12-13.) DOE argues that following the court's order would not only contradict

---

debtor's dependents, for– (A)(i) an educational benefit overpayment or loan made, insured, or guaranteed by a governmental unit, or made under any program funded in whole or in part by a governmental unit or nonprofit institution; or (ii) an obligation to repay funds received as an educational benefit, scholarship, or stipend; or (B) any other educational loan that is a qualified education loan, as defined in section 221(d)(1) of the Internal Revenue Code of 1986, incurred by a debtor who is an individual . . .

11 U.S.C. § 523(a)(8).

6

11 U.S.C. § 523(a)(8), but would, in effect, permit the discharge of post-petition interest on a nondischargeable debt without the required showing of undue hardship. (AB at 12-13.) In support of its position that the trustee payments should not be first applied to principal, DOE cites, among others, Kielisch v. Educational Credit Management Corporation, 258 F.3d 315 (4th Cir. 2001).

In Kielisch, the assignee of the debtors' student loans, Educational Credit Management Corporation ("ECMC"), brought a collection action against the debtors following the discharge of their bankruptcy case. Kielisch, 258 F.3d at 318. ECMC claimed that, notwithstanding the payment under the plan and discharge order for the full amount of principal and pre-petition interest, its claims were not fully paid because post-petition interest continued to accrue during the pendency of the proceedings. Id. Further, like the instant matter, ECMC calculated the amount due by applying the Chapter 13 payments it received to post-petition interest before principal. Id. In considering the latter issue on appeal, the Fourth Circuit noted, based on a reading of 11 U.S.C. § 523(a)(8) and 34 C.F.R. § 682.404(f), that

> Congress has determined that absent proven undue hardship, student loans are nondischargeable and, thus, pass unaffected through the bankruptcy estate for purposes of the debtor's liability, and Congress has approved that the creditor, in applying a debtor's defaulted student loan payments, generally must apply those payments first to accrued interest before principal.

Kielisch, 258 F.3d at 320-21. In rejecting the Debtor's argument that payments should first be applied to principal, the Kielisch court reasoned that

> adopting the Debtors' position would, in essence, permit them partially to discharge the interest on their nondischargeable student loan debts without a showing of undue hardship, as required by § 523(a)(8), because allowing their estates to pay off loan principal without first permitting the application of the payment by the estate to satisfy postpetition interest would reduce the overall amount that the Debtors would have to pay as a result of their debts and would also prevent the accumulation of interest that would have accrued but for their bankruptcies. This would place the Debtors in a far more favorable position than other student loan debtors solely by

   virtue of their Chapter 13 bankruptcies, thus allowing the Debtors to accomplish
   indirectly what they could not accomplish directly under the plain language of §
   523(a)(8), i.e., a partial discharge of the interest on their student loan debts without
   a showing of undue hardship.

Kielisch, 258 F.3d at 324.

  The Court finds that the reasoning of the Fourth Circuit is persuasive. Because § 523(a)(8) explicitly precludes discharge of student loan debt in the absence of a showing by the Debtor of undue hardship and because DOE's application of payments is consistent with the principles set forth in 34 C.F.R. § 682.404(f), the bankruptcy court's order, to the extent that it directs DOE to first apply the trustee payment to principal thereby effectively discharging post-petition interest, is in error and must be REVERSED.

## CONCLUSION

  For the reason stated above, the Court REVERSES the decision of the bankruptcy court in respect to its directive that DOE apply trustee payments from Harris' prior bankruptcy to first principal rather than interest and costs. Because the record does not provide the Court with sufficient information to specifically direct the accounting to be entered, DOE is hereby directed to make the required accounting of payments in accordance with 34 C.F.R. § 684.404(f).

  IT IS SO ORDERED this 30th day of March, 2006.

             s/ J. DANIEL BREEN
             UNITED STATES DISTRICT JUDGE